UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DINO FECAROTTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| OFFICER SCATCHELL, OFFICER | ) | |
| MENOLASCINO, SGT. NUNZIO | ) | Jury Demand |
| MAIELLO; and THE VILLAGE OF | ) | |
| MELROSE PARK | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, DINO FECAROTTA, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of his Complaint against the Defendants, OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO, Individually, and the VILLAGE OF MELROSE PARK, state as follows:

## COUNT I
## § 1983 DELIBERATE INDIFFERENCE TO MEDICAL CARE PROTECTED UNDER THE FOURTEENTH AMENDMENT

1.      This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, DINO FECAROTTA accomplished by acts and/or omissions of the Defendants, OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO, committed under color of law.

2.      This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

3.      The Plaintiff, DINO FECAROTTA, is a resident of the state of Illinois. At all times relevant to the allegations of the Complaint, the Plaintiff was a pre-trial detainee in the custody of the Melrose Park Police Department.

4.      The Defendants, OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO, were at all times relevant to the allegations of the Complaint duly appointed Police Officers of the VILLAGE OF MELROSE PARK and were acting within their scope of employment and under color of law.

5.      On April 8, 2017, while the Plaintiff was in the custody of the Melrose Police Department, he was escorted by Melrose Park Police Officers to Westlake Hospital for pain he was experiencing in his legs and his chest. The officers transferred him to the care of the hospital personnel, who recommend that the Plaintiff remain for treatment and tests.

6.      On April 9, 2017 Defendants OFFICER SCATCHELL and OFFICER MENOLASCINO came to the Plaintiff's room at Westlake Hospital, attempted to handcuff the Plaintiff and ordered the Plaintiff to leave the hospital to accompany them to the Melrose Park Police Station.

7.      The Plaintiff refused, informing Defendants OFFICER SCATCHELL and OFFICER MENOLASCINO that he was not medically cleared by hospital medical personnel to leave the hospital.

8.      After words were exchanged, Defendant OFFICER SCATCHELL pushed the Plaintiff from behind, causing him to fall to the ground. Then both Defendants OFFICER SCATCHELL and OFFICER MENOLASCINO, knowing that both of the Plaintiff's legs were injured, grabbed each one of Plaintiff's legs and attempted to drag him out of the hospital room.

2

9.      The Plaintiff alerted a nurse, who came to the Plaintiff's room and told both of the officers that the Plaintiff was not medically cleared to leave the hospital and that he was to remain to be administered medicine, additional medical tests and treatment. Defendants OFFICER SCATCHELL and OFFICER MENOLASCINO called their supervisor SGT. NUNZIO MAIELLO on the radio for assistance.

10.     Defendant SGT. NUNZIO MAIELLO came to the hospital room and was told by the nurse that the Plaintiff was not medically cleared to leave. Despite knowing this, Defendant SGT. NUNZIO MAIELLO ordered Defendants OFFICER SCATCHELL and OFFICER MENOLASCINO to place the Plaintiff into custody and to take the Plaintiff to the Melrose Park Police Station. After the Plaintiff was handcuffed, Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO physically escorted the Plaintiff out of the room towards the elevators.

11.     While the Defendants were escorting the Plaintiff to the elevators, Plaintiff's physician attempted to stop the Defendants, explaining multiple times that the Plaintiff's health would be compromised if he left the hospital without being medically cleared. In response, Defendant SGT. NUNZIO MAIELLO ripped off the EKG leads on the Plaintiff's chest and indicated that the Plaintiff now was medically cleared to leave.

12.     Once the Plaintiff arrived at the Melrose Park Police Station, a detective ordered the Plaintiff to be returned to the hospital to continue his treatment.

13.     Despite the fact that Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO were aware that the Plaintiff was injured and that medical professionals ordered them to refrain from removing him from their care because he

was injured, Defendants deliberately ignored both the Plaintiff's and hospital professional's pleas to refrain and removed the Plaintiff from Westlake Hospital.

14.     The Defendants were not only aware of the Plaintiff's medical needs, but also the necessary medical accommodations that would prevent his suffering, yet the Defendants refused to accommodate the Plaintiff, and directly caused him extreme pain and suffering. Therefore, the Defendants exhibited deliberate indifference to the medical needs of the Plaintiff.

15.     As a direct and proximate result of the Defendants' failure to provide adequate medical care, the Plaintiff was injured and was unlawfully subjected to an unreasonable risk of serious harm and suffered damages as a result including pain, fear, emotional distress, and anxiety.

16.     At all times relevant the Defendants were acting pursuant to customs and policies of the office of the Village of Melrose Park Police Department.

17.     The Defendants actions were willful and wanton.

**WHEREFORE**, the Plaintiff, DINO FECAROTTA, prays for judgment against the Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO, and for compensatory damages, punitive damages, attorneys' fees and costs.

<u>**COUNT II – EXCESSIVE FORCE**</u>

1-17.     The Plaintiff, DINO FECAROTTA hereby re-alleges and incorporates his allegations of paragraphs 1-17 of Count I and his allegations of paragraphs 1-17 of Count II as though fully set forth herein.

18.     All three Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO used physical force to remove the Plaintiff from Westlake Hospital.

19.     The force used was excessive and unreasonable.

4

20.    The actions of the Defendants were intentional, willful and wanton.

21.    As a result of the Defendants' actions, the Plaintiff was injured.

22.    The actions of the Defendants constituted a violation of DINO FECAROTTA Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

23.    As a result of the actions of the Defendants, the Plaintiff, DINO FECAROTTA, suffered fear, anxiety, pain, suffering and emotional distress.

**WHEREFORE**, the Plaintiff, DINO FECAROTTA prays for judgment in his favor and against the Defendants, Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

<u>COUNT III—FAILURE TO INTERVENE</u>

1-23.    The Plaintiff, DINO FECAROTTA hereby re-alleges and incorporates his allegations of paragraphs 1-23 of Count II as his respective allegations of paragraphs 1-23 of Count III as though fully set forth herein.

24.    One or more of the Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO was/were nearby, witnessed the use of deliberate indifference to medical care and excessive force against the Plaintiff, DINO FECAROTTA, and had a realistic opportunity to do something to prevent the Plaintiff from having his Constitutional Rights violated, and failed to intervene.

25.    The actions of the Defendants constituted a violation of DINO FECAROTTA'S Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

26.    As a result of the actions of the Defendants, the Plaintiff, DINO FECAROTTA, suffered fear, anxiety, pain, suffering and emotional distress.

**WHEREFORE**, the Plaintiff, DINO FECAROTTA prays for judgment in his favor and against the Defendants, OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT IV – STATE LAW BATTERY**

1-21. The Plaintiff, DINO FECAROTTA, hereby realleges and incorporates his allegations of paragraphs 2-23 of Count III as his respective allegations of paragraphs 1-21 of Count IV as though fully set forth herein.

22. Defendant's actions of physically pushing the Plaintiff and physically escorting him out of the hospital in the manners aforementioned were intentional and Plaintiff did not consent to be touched.

23. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff, DINO FECAROTTA, suffered emotional anxiety, fear, humiliation, monetary loss, pain and suffering, and future pain and suffering.

24. The actions of the Defendants, OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO therefore constitute battery under Illinois law.

**WHEREFORE**, the Plaintiff, DINO FECAROTTA, prays for judgment against the Defendants, OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO, and for compensatory damages, punitive damages, and costs.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-24.    Plaintiff hereby re-alleges and incorporates his allegations of paragraphs 1-24 of Count IV as his respective allegations of paragraph 1-24 of Count V as though fully set forth herein.

25.    Despite the fact that Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO were personally told by nurses and a doctor that the Plaintiff was not medically cleared to leave the hospital, the Defendants were physically abusive to the Plaintiff, and also physically escorted the Plaintiff out of the hospital while the Plaintiff was still in his hospital gown, they did all this in a manner in which it was intended, or reasonably certain, to cause extreme discomfort to the Plaintiff.

26.    These actions taken by Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO were extreme and outrageous.

27.    Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO acted in the manner aforesaid intending to aggravate the Plaintiff's pre-existing medical condition, or at the very least knowing that it was highly probable that said conduct would aggravate the Plaintiff's pre-existing medical condition.

28.    As a direct and proximate result of the aforementioned acts and/or omissions, Plaintiff suffered fear, humiliation, embarrassment, and severe and great mental and emotional pain and anguish, and will in the future continue to suffer. Plaintiff further expended and became liable for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said mental and emotional injuries.

29.    At no time during the encounter with Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO did the Plaintiff attempt to

physically resist or provoke the Defendants, and the Plaintiff did not otherwise contribute to the cause of his injuries.

**WHEREFORE**, the Plaintiff, DINO FECAROTTA, prays for judgment against the Defendants, OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO, and for compensatory damages, punitive damages, and costs.

**COUNT IV**
**INDEMNIFICATION - VILLAGE OF MELROSE PARK**

1-27.   The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-26 of Counts 1 – III and realleges and incorporates the allegations contained in paragraphs 1-24 of Count IV and paragraphs 1-29 of Count V as though fully set forth herein.

28.   Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

29.   Defendants, OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO are or were employees of the VILLAGE OF MELROSE PARK, ILLINOIS and acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should Defendants OFFICER SCATCHELL, OFFICER MENOLASCINO, and SGT. NUNZIO MAIELLO are to be found liable for the acts alleged above, the Defendant THE VILLAGE OF MELROSE PARK would be liable to pay the Plaintiff any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiff, DINO FECAROTTA hereby requests a trial by jury.


Respectfully submitted,


/s/ Gregory E. Kulis
Gregory E. Kulis & Associates


Gregory E. Kulis (#6180966)
GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

9